```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

URBAN PLANNING AND                    CIVIL ACTION
INNOVATIONS, INC., ET AL.

VERSUS                                NO: 07-7537

ALEXANDER & SANDERS INSURANCE         SECTION: "J" (4)
SPECIALIST, ET AL.
```

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 6). For the reasons below, Plaintiff's motion is **DENIED.**

**BACKGROUND**

Plaintiff filed suit in state court to recover for damages he suffered as a result of Hurricane Katrina.[1] In 2001, plaintiff obtained a commercial property insurance policy as well as business interruption insurance through an insurance agent, Alexander & Sanders Insurance Specialist (A&S) naming plaintiff as the insured and having an effective date of August 28, 2001 through August 28, 2002. This policy has been subsequently

---

[1] Plaintiff filed suit against Defendant, erroneously naming them St. Paul Fire Ins. Co. The correct Defendant in this matter is United States Fidelity and Guaranty Co. (USF&G).

renewed yearly.

On September 14, 2005, Plaintiff notified USF&G of its business interruption claims as a result of Hurricane Katrina. USF&G adjusted the claim and issued payment in the amount of $99,079. Plaintiff filed suit seeking additional business losses of $270,000. Defendant removed this case on the basis of diversity of citizenship under 28 U.S.C § 1332. Plaintiff asserts that complete diversity does not exist in this case because A&S is a Louisiana corporation, as is the Plaintiff. The Defendant counters that A&S is improperly joined in this case.

## DISCUSSION

The Fifth Circuit has held that a defendant is improperly joined when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the inability of the plaintiff to establish a cause of action against the nondiverse party in the state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). In this case there is no allegation that the there is fraud in the pleadings, and therefore this Court will only consider whether the plaintiff is able to establish a cause fo action against A&S.

Without reaching the merits of Plaintiff's claim, it appears from the facts that Plaintiff's action against A&S is perempted. LA. REV. STAT. ANN. § 9:5606 provides that "No action for damages

against any insurance agent . . . arising out of an engagement to provide insurance services shall be brought unless filed within one year from the date of the alleged act, omission, or neglect is discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect."  Louisiana courts have held that the peremptive period begins to run from the date of purchase of the insurance policy in question.  *See Calvin v. Janbar Enters.*, 856 So. 2d 88, 91 (La. App. 4 Cir. 2003); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 381-82 (La. App. 1 Cir. 2003).  Plaintiff claims that A&S "breached its duty to advise plaintiff that the policy he was receiving would not fully cover and compensate him for business interruption as a result of a hurricane." (Rec. Doc. 6-2 at 7).  However, Louisiana law provides that it is the duty of the insured to read and know the terms of the insurance contract.  *E.g. Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 686 (La. App. 5 Cir. 1995).  Regardless of the one year peremptive period, Plaintiff's claims are perempted under the three year period provided in the statute.  Plaintiff purchased the policy in question in 2001, and therefore would have had to file suit by 2004 to fit within the statute, even if he did not have notice of the defect in the policy until later.

Plaintiff claims that this action is not perempted by application of LA. REV. STAT. ANN.§ 22:658.3. That section provides that "Notwithstanding any other provision of this title to the contrary. any person or entity having a claim for damages pursuant to . . . a commercial property insurance policy and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim with their insurer for damages, unless such claim is otherwise provided by law or contract." Plaintiff claims that the statute does not bar the inclusion of insurance agents in the extension of the prescriptive period for Katrina claims.

Judge Africk considered the exact same argument in a recent case. In *Smith v. Lexington Ins. Co.*, No. 07-5756, 2007 WL 4374229 (E.D. La. Dec. 13, 2007), at n.18, Judge Africk held that the "language of the statute` is clear that the section [22:658] applies only to claims *filed with insurers* and that the statute is only effective with respect to the provisions of title 22, not title 9, which provides a cause of action against the insurance agents and brokers." Therefore Judge Africk concluded that there is no ambiguity in the statute and that the section clearly only applies to insurance companies and not their agents. *Id.* (*citing* LA. CIV. CODE ANN. art. 9("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law

4

shall be applied as written and no further interpretation may be made in search of the intent of the legislature.")).  This Court agrees with Judge Africk's reasoning.  Section 22:658.3 does not operate to save Plaintiff's claim from peremption.  Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand (Rec. Doc. 96) is **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Alexander & Sanders Insurance Specialist are hereby **DISMISSED.**

New Orleans, Louisiana this the 22nd day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE